# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RICHARD D. DODDS, | ) | CV. NO.  10-00371 DAE KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BAC HOME LOANS SERVICING, | ) | |
| LP; BANK OF AMERICA fka | ) | |
| COUNTRYWIDE HOME LOANS, | ) | |
| INC., and DOES 1 through 20 | ) | |
| inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |


**ORDER: (1) GRANTING BOFA'S MOTION TO DISMISS COMPLAINT; (2) DISMISSING WITH PREJUDICE PLAINTIFF'S TILA RESCISSION AND INJUNCTIVE RELIEF CLAIMS; (3) DISMISSING WITHOUT PREJUDICE ALL OTHER CLAIMS; AND (4) GRANTING PLAINTIFF LEAVE TO AMEND THE COMPLAINT**

On April 18, 2011, the Court heard Defendant Bank of America FKA Countrywide Home Loans, Inc. ("BofA")'s Motion to Dismiss.  Dexter K. Kaiama, Esq., appeared at the hearing on behalf of Plaintiff; Patricia J. McHenry, Esq., appeared at the hearing on behalf of BofA.  After reviewing the supporting and opposing memoranda, the Court GRANTS BofA's Motion to Dismiss

Complaint. (Doc. # 9.) Plaintiff's TILA rescission claim and claim for injunctive relief are DISMISSED WITH PREJUDICE. All other claims are DISMISSED WITHOUT PREJUDICE, and the Court GRANTS Plaintiff leave to amend the Complaint.

BACKGROUND

On July 2, 2010, Plaintiff Richard D. Dodds ("Plaintiff") filed a Complaint against Defendants BAC Home Loan Servicing, LP ("BAC"), BofA.[1], and Does 1 through 20 (collectively, "Defendants") alleging that Plaintiff had been lured into a predatory mortgage loan. ("Compl.," Doc # 1.) Specifically, Plaintiff's Complaint alleges Counts: (Count I) violations of the Truth in Lending Act ("TILA") entitling Plaintiff to rescission of the mortgage and recoupment of expenses (id. ¶¶ 42–54); (Count II) violations of TILA entitling Plaintiff to loan damages (id. ¶¶ 55–56); (Count III) violations of the Real Estate Settlement Procedures Act ("RESPA") (id. ¶¶ 57–60); (Count IV) unfair or deceptive acts or

_____

[1] Defendant BofA argues that Plaintiff has erroneously sued BofA "on the mistaken belief that it is the same entity as Countrywide," because BofA and Countrywide are two distinct entities. (Mot. at 5–7.) If Plaintiff chooses to amend his Complaint, the Court instructs Plaintiff to correct any deficiencies in naming defendants, both in the caption and body of any amended complaint. Furthermore, Plaintiff must plead specific causes of action against the proper defendants, alleging facts related to those causes of action and those defendants.

practices ("UDAP") (id. ¶¶ 61–72); (Count V) fraud (id. ¶¶ 73–81); (Count VI)

civil conspiracy (id. ¶¶ 82–86); (Count VII) aiding and abetting (id. ¶¶ 87–91);

(Count VIII) injunctive relief for lack of standing (id. ¶¶ 92–100); (Count IX)

improper restrictions resulting from securitization leaving note and mortgage

unenforceable (id. ¶¶ 101–108); (Count X) wrongful conversion of note -

mortgagor never consented to securitization (id. ¶¶ 109–115); and (Count XI)

fraudulent concealment entitling Plaintiff to tolling of the statute of limitations (id.

¶¶ 116–117).[2]

On January 7, 2005, Plaintiff entered into a loan transaction with

Defendants to refinance his property, which was secured by a mortgage recorded

on January 31, 2005, in the Bureau of Conveyances. (Id. ¶¶ 15, 18.) The real

---

[2]Plaintiff's Complaint also states that it was "filed for an action pursuant to the Credit Repair Organizations Act (hereinafter "CROA"), 15 U.S.C. Section 1679 et seq. . . ." (Compl. ¶ 3.) Plaintiff does not, however, include a CROA claim in any of the Counts named in the Complaint. First, Plaintiff's CROA "claim" states no facts or details, and such conclusory allegations, without more, are insufficient to state a claim upon which relief may be granted. See Iqbal, 129 S. Ct. at 1949. Moreover, pursuant to 15 U.S.C. § 1679a(3), CROA applies to credit-repair organizations. Defendants are not credit-repair organizations under the CROA definition, and Plaintiff does not allege anywhere in the Complaint that his interactions with Defendants involve credit-repair. As such, Plaintiff's CROA claim fails to state a claim upon which relief may be granted.

property at issue in this loan transaction is designated as TMK (1) 9-1-094-110-0000 located at 91-552 Maohaka Place, Ewa Beach, Hawai`i, 96706 ("Subject Property"). (Compl. ¶ 15.)

Plaintiff claims that he is an inexperienced and unsophisticated party in matters of mortgage and loan financing, that Defendants inflated Plaintiff's "Stated Income" in his loan application, and otherwise failed to make required disclosures to Plaintiff such that Plaintiff was "lured into accepting, and executing a mortgage and note directly resulting in financial benefits to Defendants . . . [and] to the great financial detriment of [Plaintiff] and substantially increasing the likelihood that [Plaintiff] would default on the mortgage and note." (Id. ¶¶ 15, 26, 30.) Specifically, Plaintiff contends that he was not provided, amongst other things, two copies of the Notice of Right to Cancel, the signed mortgage and note, the HUD-1 Disclosure Statement, and a signed copy of the written "Truth-in-Lending Disclosure Statement." (Id. ¶¶ 36–39.)

On December 10, 2010, Defendant BofA filed a Motion to Dismiss ("Motion") for failure to state a claim upon which relief can be granted. ("Mot.," Doc. # 9.) On January 28, 2011, Plaintiff filed a Memorandum in Opposition to BofA's Motion to Dismiss ("Opposition"). (Opp'n, Doc. # 16.) On March 7,

2011, BofA filed a Response in Support of their Motion ("Reply"). (Reply, Doc. # 17.)

STANDARD OF REVIEW

I.    Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Review is limited to the contents of the complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 556–57; see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations

without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief. See Twombly, 550 U.S. at 570. A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief. Id. at 586. When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Id. at 558 (citation omitted). If a court dismisses the complaint or

portions thereof, it must consider whether to grant leave to amend.  Lopez v.

Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be

granted "if it appears at all possible that the plaintiff can correct the defect")

(internal quotations and citations omitted).

II.      Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud

or mistake, a party must state with particularity the circumstances constituting

fraud or mistake."  Fed. R. Civ. P. 9(b).  Under Ninth Circuit law, "Rule 9(b)

requires particularized allegations of the circumstances constituting fraud."  In re

GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547–48 (9th Cir. 1994) (en banc),

superseded on other grounds by 15 U.S.C. § 78u-4.

In their pleadings, plaintiffs must include the time, place, and nature

of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to

satisfy this requirement.  Id. at 1548 (quoting Moore v. Kayport Package Express,

Inc., 885 F.2d 531, 540 (9th Cir. 1989)).  "[T]he circumstances constituting the

alleged fraud [must] 'be specific enough to give defendants notice of the particular

misconduct . . . so that they can defend against the charge and not just deny that

they have done anything wrong.'"  Kearns v. Ford Motor Co., 567 F.3d 1120,

1124 (9th Cir. 2009) (quoting <u>Bly-Magee v. California</u>, 236 F.3d 10104, 1019 (9th

Cir. 2001)); <u>see also</u> <u>Moore</u>, 885 F.2d at 540 (finding that Rule 9(b) requires a

plaintiff to attribute particular fraudulent statements or acts to individual

defendants).  However, "[m]alice, intent, knowledge, and other conditions of a

person's mind may be alleged generally."  Fed. R. Civ. P. 9(b); <u>see also</u> <u>In re</u>

<u>GlenFed, Inc. Sec. Litig.</u>, 42 F.3d at 1547 ("We conclude that plaintiffs may aver

scienter . . . simply by saying that scienter existed."); <u>Walling v. Beverly Enter.</u>,

476 F.2d 393, 397 (9th Cir. 1973) (finding that Rule 9(b) "only requires the

identification of the circumstances constituting fraud so that the defendant can

prepare an adequate answer from the allegations" (citations omitted)).

    A motion to dismiss for failure to plead with particularity is the

functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state

a claim.  <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1107 (9th Cir. 2003).  In

considering a motion to dismiss, the court is not deciding the issue of "whether a

plaintiff will ultimately prevail but whether the claimant is entitled to offer

evidence to support the claims."  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)

<u>overruled on other grounds by</u> <u>Davis v. Scherer</u>, 468 U.S. 183 (1984).

<u>DISCUSSION</u>

For the reasons set forth below, the Court concludes that Defendants' Motion to Dismiss should be granted.[3]  The Court also grants Plaintiff leave to amend his Complaint.

I.      <u>Counts I–IV, XI: TILA, RESPA, UDAP, Fraudulent Concealment</u>

Counts I–IV and XI allege violations of TILA, RESPA, UDAP, and fraudulent concealment, respectively.  In his Opposition, Plaintiff concedes that he "will not oppose arguments advanced by BofA as to Counts 1–4 and 11 of his Complaint."  (Opp'n at 4.)  The Court will address these arguments in turn.

    A.      <u>Count I: Truth in Lending Act Violations: Loan Rescission and Recoupment; Count II: Truth in Lending Act Violations: Loan Damages</u>

In Count I of the Complaint, Plaintiff alleges that he is entitled to rescission of the loan and recoupment[4] under TILA, 15 U.S.C. § 1601, et. seq.  In Count II, Plaintiff alleges that he is entitled to damages under TILA pursuant to 15 U.S.C. § 1640.

---

[3]Contrary to Plaintiff's contention (Opp'n at 10), his participation in the Court's triage program does not affect whether the Court may consider BofA's Motion to Dismiss at this time.

[4]Although Plaintiff's claim for recoupment is brought under Count I for rescission, 15 U.S.C. § 1640(a) provides for damages, not rescission, thus the Court will discuss Plaintiff's recoupment argument after his claim for damages.

<u>i.</u>     <u>Rescission Under 15 U.S.C. § 1635</u>

Section 1635(a), TILA's so-called buyer's remorse provision, gives borrowers three business days to rescind the loan agreement without penalty.  15 U.S.C. § 1635(a); <u>Semar v. Platte Valley Fed. Sav. & Loan Ass'n</u>, 791 F.2d 699, 701 (9th Cir. 1986) (citing 15 U.S.C. § 1635(a)).  To invoke this provision, the loan must be a consumer loan using the borrower's principal dwelling as security. 15 U.S.C. § 1635(a).  If the lender fails to deliver certain forms or disclose important terms accurately, Section 1635(f) gives the borrower the right to rescind until "three years after the consummation of the transaction or . . . the sale of the property, whichever occurs first."  15 U.S.C. § 1635(f); <u>see also</u> <u>King v. California</u>, 784 F.2d 910, 913 (9th Cir. 1986).  Here, Plaintiff entered into the loan transaction on January 7, 2005, and initiated the instant lawsuit on July 2, 2010.  More than three years elapsed between the consummation of the loan and Plaintiff's invocation of his right to rescind.  Therefore, Plaintiff's claim is barred by the statute of limitations.

Plaintiff alleges that, based on the fraudulent concealment of the terms of his loan, he is entitled to equitable tolling by extending the time in which he may bring rescission or other claims against Defendants.  (Compl. ¶ 117.) Plaintiff's argument fails because equitable tolling does not apply to rescission

10

under TILA.  <u>Beach v. Ocwen Fed. Bank</u>, 523 U.S. 410, 412 (1998) (holding that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period"); <u>see also</u> <u>Miguel v. Country Funding Corp.</u>, 309 F.3d 1161, 1164 (9th Cir. 2002) (citing <u>Beach</u> and holding that "§ 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period"); <u>King</u>, 784 F.2d at 913 (characterizing Section 1635(f) as a "three-year absolute limitation" on Section 1635 rescission actions). As such, Plaintiff's TILA rescission claim is barred by the statute of limitations.

ii. <u>Damages Under 15 U.S.C. § 1640</u>

In addition to rescission, TILA authorizes civil liability in the form of actual damages, statutory damages, costs, and attorneys fees.  15 U.S.C. § 1640. Pursuant to Section 1640(e), there is a one-year statute of limitations for civil liability claims under TILA.  <u>Id.</u> § 1640(e).  The limitations period generally runs from the date of consummation of the transaction.  <u>King</u>, 784 F.2d at 915.  Here, as stated above, Plaintiff entered into the loan transaction on January 7, 2005 and initiated the present lawsuit on July 2, 2010.  As such, more than one year elapsed between the consummation of the loan and the filing of the instant action. Therefore, Plaintiff's claim is barred by the statute of limitations unless equitable tolling applies.

As a general matter, "[e]quitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000); see also O'Donnell v. Vencor, Inc., 465 F.3d 1063, 1068 (9th Cir. 2006) ("Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990))). In a TILA damages action specifically, equitable tolling may suspend the limitations period "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King, 784 F.2d at 915. However, when a plaintiff fails to allege facts demonstrating that the plaintiff could not have discovered the purported TILA violation with reasonable diligence, dismissal is appropriate and equitable tolling will not apply. See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (refusing to apply equitable tolling for failure to make required disclosures under TILA when the plaintiff was in full possession of all loan documents and did not allege fraudulent concealment or any other action that would have prevented discovery of the

violation); Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996) (holding

that the plaintiff was not entitled to equitable tolling of her TILA claim because

"nothing prevented [the plaintiff] from comparing the loan contract, Fidelity's

initial disclosures, and TILA's statutory and regulatory requirements").

    In this case, Plaintiff alleges that Defendants violated TILA by failing

to provide Plaintiff with a copy of the written "Truth-in-Lending Disclosure

Statement." (Compl. ¶ 39.) As in Meyer and Hubbard, Plaintiff fails to allege any

facts to demonstrate that equitable tolling applies. Plaintiff's assertion that

Defendants "fraudulently misrepresented" (id. ¶ 116) and "fraudulent[ly]

conceal[ed]" (id. ¶ 117) the terms of Plaintiff's mortgage is conclusory and does

not justify application of equitable tolling.[5] Although elsewhere in the complaint

Plaintiff offers examples of Defendants' alleged deceptive acts (id. ¶ 65) and fraud

(id. ¶¶ 74–78), Plaintiff offers no explanation for why he was unable to discover

the TILA violations within the one-year statutory period. These facts without more

are insufficient for Plaintiff to invoke the doctrine of equitable tolling. As such,

Plaintiff's TILA damages claim is barred by the statute of limitations.

---

[5] Plaintiff's argument in support of equitable tolling is actually made under
Count XI: Fraudulent Concealment – Tolling of Statute. However, the Court
considered these arguments when determining whether equitable tolling should
apply under TILA.

### iii.    Recoupment Under 15 U.S.C. § 1640

"[R]ecoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is founded."  Bull v. United States, 295 U.S. 247, 262 (1935).  The Supreme Court has confirmed that recoupment of damage claims survive TILA's one-year statute of limitations. Beach, 523 U.S. at 418.  However, to circumvent the statute of limitations, the recoupment claim must be asserted as a "defense" in an "action to collect a debt." 15 U.S.C. § 1640(e).  Some courts have held that for a recoupment claim to survive a motion to dismiss, the plaintiff must show the following: "(1) the TILA violation and the debt are products of the same transaction; (2) the debtor asserts the claim as a defense; and (3) the main action is timely."  Moor v. Travelers Ins. Co., 784 F.2d 632, 634 (5th Cir. 1986) (citing In re Smith, 737 F.2d 1549, 1553 (11th Cir. 1984)); Agustin v. PNC Fin. Servs. Grp., --- F. Supp. 2d ----, 2010 WL 1507975, at *18 n.2 (D. Haw. Apr. 15, 2010).

Plaintiff claims that he may "assert the TILA disclosure violations described herein as a recoupment in the amount of $2,000.00 and is entitled to a credit in that amount with regard to their tender obligation, if any, under TILA." (Compl. ¶ 54.)  Nowhere does Plaintiff assert TILA recoupment as a defense, nor

does Plaintiff point to any "action to collect a debt." Instead, the relevant action in the instant case is a foreclosure auction sale, not an "action to collect a debt."

District courts within this circuit have held that a nonjudicial foreclosure is not an "action to collect a debt" within the meaning of Section 1640(e). Ortiz v. Accredited Home Lenders, Inc., 639 F. Supp. 2d 1159, 1165 (S.D. Cal. 2009) (holding that nonjudicial foreclosures are not "actions" as contemplated by TILA because "actions" refer to judicial proceedings).[6]

Additionally, Plaintiff's conclusory statement that he is asserting the TILA violations as "claims and defenses" is insufficient to prove as much.

---

[6] In reaching the conclusion that a nonjudicial foreclosure is not an "action" that survives TILA's statute of limitations, the court in Ortiz reviewed the wording of TILA as well as California state law. Ortiz, 639 F. Supp. 2d at 1165. With regard to TILA, the court concluded the Section 1640(e) itself defines an "action" as a court proceeding because it states "'[a]ny action . . . may be brought in any United States district court, or in any other court of competent jurisdiction.'" Id. (quoting 15 U.S.C. § 1640(e)). The court also examined California state law, which indicates that an "action" to recover a debt secured by a mortgage on real property results in a judgment from the court directing the sale of the property and distributing the resulting funds. Id. Similarly, Hawaii Revised Statute Section 667-1 provides that a "foreclosure by action" occurs when the circuit court assesses the amount due on a mortgage and renders judgment for the amount awarded. Haw. Rev. Stat. § 667-1. Conversely, a "foreclosure under power of sale," or nonjudicial foreclosure, occurs when the mortgagee forecloses pursuant to the power of sale contained in the mortgage. Id. § 667-5. Thus, in Hawaii, a foreclosure by "action" requires a judicial proceeding whereas a nonjudicial foreclosure does not. The Ortiz court's reasoning clearly applies to the instant case, and the Court finds that a nonjudicial foreclosure is not an "action to collect a debt" within the meaning of Section 1640(e).

(Compl. ¶ 54.)  In <u>Ortiz</u>, after the lender filed notice of a nonjudicial foreclosure, but before the sale took place, the plaintiff initiated a lawsuit alleging TILA violations and attempting to assert a recoupment defense.  639 F. Supp. 2d at 1165. On these facts, the court concluded that "'[w]hen the debtor hales the creditor into court, the claim by the debtor is affirmative rather than defensive.'"  <u>Id.</u> (quoting <u>Moor</u>, 784 F.2d at 634).  In this case, there is no evidence that Defendants have initiated any sort of court proceeding against Plaintiff.  Plaintiff's affirmative use of his claim for recoupment is improper and not within the scope of the TILA exception, which permits recoupment as a defensive claim only.  As such, Plaintiff's TILA recoupment claim fails.

> B.    <u>Real Estate Settlement Procedures Act Violations</u>

Count III of the Complaint alleges that Defendants violated RESPA by failing to provide Plaintiff with a timely signed and dated Good Faith Estimate, as required by RESPA.  (Compl. ¶¶ 57–60.)

First, RESPA imposes either a one-year or a three-year statute of limitations depending on the violation alleged.  12 U.S.C. § 2614 (proscribing a one-year statute of limitations for violations of Sections 2607 and 2608 and a three-year statute of limitations for violations of Section 2605).  Because Plaintiff's alleged RESPA claim arose out of the loan origination, which occurred more than

three years before Plaintiff filed the instant action, Plaintiff's claim is barred by the statute of limitations.  As discussed above, Plaintiff is not entitled to equitable tolling because he has failed to allege specific facts showing why he could not bring his suit within the limitations period.

Second, BofA asserts that Plaintiff's RESPA claim fails to state a claim because RESPA does not provide for a private right of action when defendant fails to provide a good faith estimate.  (Mot. at 7–8.)  Accordingly, Plaintiff's RESPA claims would fail even if they were not barred by the statute of limitations because the alleged disclosure violations do not give rise to a private right of action.  See Collins v. FMHA-USDA, 105 F.3d 1366, 1368 (11th Cir. 1997) (noting that neither the legislative history nor the statutory text reveals congressional intent to create a private right of action for violations of Section 2604(c), failure to provide the initial good faith estimate); Pressman v. Meridian Mortg. Co., 334 F. Supp. 2d 1236, 1242 n.4 (D. Haw. 2004); Rosal v. First Fed. Bank of California, 671 F. Supp. 2d 1111, 1125 (N.D. Cal. 2009) (holding that there is no private right of action for disclosure violations under either Section 2603 or Section 2604); Delino v. Platinum Cmty. Bank, 628 F. Supp. 2d 1226, 1232–33 (S.D. Cal. 2009) (citing Collins and dismissing the plaintiff's RESPA

claim on the ground that no private right of action exists for failure to provide an initial good faith estimate).

As such, Plaintiff's RESPA claim is barred by the statute of limitations, and fails to state a claim.

C.    Count IV: Unfair or Deceptive Acts or Practices

Plaintiff claims that Defendants engaged in unfair or deceptive acts and practices ("UDAP") in violation of HRS §§ 480-2(a) and 481A-3.  (Compl. ¶ 64.)  HRS § 480-2(a) prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ."  HRS § 481A-3 similarly prohibits "deceptive trade practice[s]."  Plaintiff contends that Defendants violated the aforementioned statutes by: (1) targeting financially unsophisticated and otherwise vulnerable consumers for inappropriate credit products; (2) failing to adequately disclose the true costs and risks of the subject loan and its inappropriateness for Plaintiff; (3) making a refinance loan that resulted in little net economic benefit to Plaintiff with the primary objective of generating fees; (4) making the loan based on the value of the collateral, without regard to Plaintiff's ability to repay the loan; (5) failing to provide Plaintiff with a timely Good Faith Estimate "GFE"; and (6) attempting to deprive Plaintiff of his legal right to cancel the loan.  (Compl. ¶ 65.)

BofA argues that Plaintiff's claims based on HRS Chapter 480 are subject to a four-year statute of limitations, and are thus barred. (Mot. at 21–22.) Under HRS 480-24(a), "any action to enforce a cause of action arising under this chapter shall be barred unless commenced within four years after the cause of action accrues . . . ." HRS § 480-24(a). Furthermore, the statute of limitations period starts to run upon the occurrence of Defendants' alleged violation. See McDevitt v. Guenther, 522 F. Supp. 2d 1272, 1289–90 (D. Haw. 2007).

In the instant case, the first five out of Defendants' six alleged UDAP violations all occurred at the time the loan was consummated. See (Compl. ¶ 65.) Furthermore, Plaintiff asserts that Defendants' TILA violations, which also allegedly occurred at the time the loan was consummated, constitute UDAP violations as well. (Id. ¶ 66.) Plaintiff's loan was consummated on January 7, 2005, and Plaintiff filed his Complaint on July 2, 2010. Thus, the four-year statute of limitations has passed for Plaintiff to bring any UDAP claims arising out of acts that occurred at loan consummation. Thus, Plaintiff's first through fifth UDAP claims and UDAP claims based on TILA all fail.

Plaintiff's sixth UDAP claim, that Defendants attempted to deprive Plaintiff of his legal right to cancel the loan, contains insufficient facts to satisfy Rule 8 pleading requirements. Plaintiff's vague allegation contains insufficient

factual detail to meet the Rule 8 pleading standard, and to survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Iqbal, 129 S. Ct. at 1949. Plaintiff does not allege any acts committed by Defendants to prevent Plaintiff from exercising his right to cancel the loan, when such acts were committed, or by whom. As such, Plaintiff's sixth UDAP allegation fails as well.

D.    Count XI: Fraudulent Concealment

In Count XI of the Complaint, Plaintiff contends that Defendants fraudulently misrepresented and concealed the terms of Plaintiff's loan. (Compl. ¶¶ 116–117.) To the extent Plaintiff makes these allegations to invoke equitable tolling, the Court addressed this supra in Section A(ii) regarding TILA damages. To the extent Plaintiff makes these allegations to try and prove fraud, the Court discusses this in Section II below, and concludes that Plaintiff has failed to plead sufficient facts to show fraud under the heightened Rule 9 pleading standard for fraud. As such, Count XI of Plaintiff's Complaint for fraudulent concealment fails.

For all of the above discussed reasons, Plaintiff's claims for Counts I–IV and XI fail to survive this Motion. Additionally, Plaintiff conceded, in his Opposition, that he does not contest Defendants' Motion for dismissal of these counts. Accordingly, the Court GRANTS BofA's Motion to Dismiss as to Counts

I–IV and XI.  Plaintiff's TILA rescission claim is barred by the statute of limitations as a matter of law, and is thus DISMISSED WITH PREJUDICE.

II.     Count V: Fraud; Count XI: Fraudulent Concealment

In Count V, Plaintiff claims that Defendants falsely represented the costs and risks of Plaintiff's loan, its inappropriateness for Plaintiff, the amount of Plaintiff's income on the loan application, the nature of the documents Plaintiff was told to sign, and their knowledge as to the aforementioned falsities, thereby committing fraud.  (Compl. ¶¶ 74–77.)  BofA argues that "Plaintiff's broad allegations fall far short of meeting the FRCP Rule 9(b) requirement . . . ."  (Mot. at 22.)   Additionally, BofA points out in its Reply, that Plaintiff's Opposition fails to respond to BofA's arguments that Plaintiff's fraud claims are insufficiently pled. (Reply at 4.)

The Court finds that Plaintiff's allegations are insufficient to meet his burden under the more rigorous pleading requirements of Rule 9 that apply to allegations of fraud or mistake.  See Fed. R. Civ. P. 9(b) (requiring a party to state with particularity the circumstances constituting fraud or mistake).  The claim must "be accompanied by the 'who, what, when, where, and how' of the misconduct charged."  Kearns v. Ford Motor Co., 567 F.3d 1120 (9th Cir. 2009) (internal

citation and quotations omitted).  A plaintiff "must state the time, place and

specific content of the false representations as well as the identities of

the parties to the misrepresentation." <u>Alan Neuman Productions, Inc. v. Albright</u>,

862 F.2d 1388, 1393 (9th Cir. 1988).

Here, Plaintiff fails to plead the time and place of any alleged fraud

and he also does not specify what role each defendant played in the alleged

misconduct.  Instead, Plaintiff broadly attributes the allegedly false statements to

all Defendants generally, without specifying when, where, and by who the false

statements were made.   Furthermore, Plaintiff's statement that "Defendants

fraudulently misrepresented the terms of [Plaintiff's] loan and mortgage," is a legal

conclusions entitled to no weight  (Compl. ¶ 116); <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS BofA's Motion to Dismiss as to

Count V and Count XI.

<u>III.</u>     <u>Count VI: Civil Conspiracy; Count VII: Aiding and Abetting</u>

Count VI of Plaintiff's Complaint claims that Defendants entered into

an agreement to accomplish something unlawful, and Count VII alleges that

Defendants aided and abetted each other in the engagement of those wrongful acts.

(<u>Id.</u> ¶¶ 83, 89.)  Defendants claim that Plaintiff has not sufficiently pled claims for

civil conspiracy or aiding and abetting because both claims are not independent causes of action, but derivative of another claim. (Mot. at 8–11.)

Plaintiff's allegations are insufficiently pled under the Rule 8 pleading requirements. Civil conspiracy and aiding and abetting are not independent causes of action in Hawaii, but theories of potential liability that are derivative of other wrongs. See e.g. Weinberg v. Mauch, 890 P.2d 277, 286 (Haw. 1995). First, Plaintiff has not clearly alleged an underlying claim on which his civil conspiracy and aiding and abetting claims are based. Moreover, to the extent that Plaintiff's claims appear to be based on alleged fraudulent activity, as discussed above, Plaintiff's Complaint fails to state a claim for fraud. Additionally, Plaintiff has not rebutted Defendants' contention that the instant claims appear to be based on fraud, and has not made any other argument in defense of these claims. For all these reasons, Plaintiff's civil conspiracy and aiding and abetting claims do not survive the instant Motion.

Accordingly, the Court GRANTS BofA's Motion to Dismiss as to Counts VI and VII.

IV.    Count VIII: Injunctive Relief – Lack of Standing

In Count VIII of the Complaint, Plaintiff asserts that "[t]his is an action for emergency and permanent injunctive relief seeking to restrain

Defendants [] from seeking a non-judicial sale upon the subject property during the pendency of this action." (Compl. ¶ 93.) This allegation is based on the fact that Defendants lack standing to foreclose upon the Subject Property. (Id. ¶¶ 94–95, 98, 100.)

BofA argues that the count fails because injunctive relief is a remedy that does not create an independent cause of action. (Mot. at 11.) In his Opposition, Plaintiff does not dispute BofA's contention, but instead argues, for the first time, that Mortgage Electronic Registration Systems ("MERS") had no authority to transfer the note. (Opp'n at 8–10.) First, Plaintiff may not raise new arguments in his Opposition for the first time, thus any argument relating to MERS and its role in the assignment of the loan, must be disregarded.

As for the claims stated in Count VIII, Plaintiff's request for injunctive relief appears to be dependent on and derivative of Plaintiff's other claims, and not a standalone claim. Because the Court finds that all of Plaintiff's claims should be dismissed, and because Plaintiff fails to allege any facts showing that he is entitled to this equitable remedy, the Court finds that Plaintiff's claim for injunctive relief should be dismissed as well.

Moreover, Plaintiff's Complaint states only that Defendants "are not the real party in interest and are not authorized to bring a foreclosure against"

Plaintiff. (Compl. ¶ 94.) Such conclusory allegations are insufficient to state a claim upon which relief may be granted. See Iqbal, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS BofA's Motion to Dismiss as to Count VIII and DISMISSES WITH PREJUDICE Plaintiff's claim for injunctive relief without leave to amend. If injunctive relief is proper, it will be because Plaintiff prevails, or has met the necessary test for such relief under Rule 65 of the Federal Rules of Civil Procedure, on an independent cause of action.

## V.     Count IX: Improper Restrictions Resulting from Securitization Leaves Note and Mortgage Unenforceable; Count X: Wrongful Conversion of Note – Mortgagor Never Consented to Securitization

In Count IX of the Complaint, Plaintiff contends that improper restrictions resulting from securitization of the mortgage leaves the note and mortgage unenforceable, and that Plaintiff was neither informed of nor asked to consent to the securitization of the mortgage. (Compl. ¶¶ 107–108.) In Count X of the Complaint, Plaintiff contends that securitization converted the mortgage, rendering it null, void and unenforceable, and that Defendants have no authority to foreclose upon the property. (Compl. ¶¶ 110, 115.)

Despite Plaintiff's laundry list of allegations, the Court is entirely unclear as to what cause of action Plaintiff is bringing this claim under. Plaintiff fails to cite any relevant statute or law under which Defendants' alleged behavior is

prohibited.  Although FRCP Rule 8 requires only that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must sufficiently put Defendants on fair notice of the claim asserted and the ground upon which it rests.  Fed. R. Civ. P. 8.  Defendants, nor the Court, are required to speculate as to which provisions Plaintiff is suing under or how Defendants violated such provisions.  Vague allegations containing mere labels and conclusions are insufficient to survive a motion to dismiss. See Twombly, 550 U.S. at 555.  As such, Plaintiff's claims in Counts IX and X fail.

Accordingly, the Court GRANTS BofA's Motion to Dismiss as to Counts IX and X.

VI.    Leave to Amend

The Court recognizes that it may be possible for Plaintiff to state a claim if provided the opportunity to amend his Complaint.  Accordingly, the Complaint is DISMISSED as against all Defendants in this action with leave to amend the Complaint  no later than 60 days from the filing of this Order, with the exception of Plaintiff's TILA rescission claim and claim for injunctive relief, which have been dismissed with prejudice as a matter of law.  Failure to file an amended complaint and to cure the pleading deficiencies will result in dismissal of this action with prejudice.  Plaintiff is advised that the amended complaint must

clearly state how each of the named defendants have injured him, and it must also clearly identify the statutory provisions under which Plaintiff's claims are brought.

## CONCLUSION

For the reasons stated above, the Court GRANTS BofA's Motion to Dismiss Complaint. (Doc. # 9.) Plaintiff's TILA rescission claim and claim for injunctive relief are DISMISSED WITH PREJUDICE. All other claims are DISMISSED WITHOUT PREJUDICE, and the Court GRANTS Plaintiff leave to amend the Complaint.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 19, 2011.

_____
David Alan Ezra
United States District Judge

Dodds v. BAC Home Loan Servicing LP, et al., Cv. No. 10-00371 DAE BMK; ORDER: (1) GRANTING BOFA'S MOTION TO DISMISS COMPLAINT; (2) DISMISSING WITH PREJUDICE PLAINTIFF'S TILA RESCISSION AND INJUNCTIVE RELIEF CLAIMS; (3) DISMISSING WITHOUT PREJUDICE ALL OTHER CLAIMS; AND (4) GRANTING PLAINTIFF LEAVE TO AMEND THE COMPLAINT